UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| INDIAN INDUSTRIES, INC. d/b/a ESCALADE SPORTS, Plaintiff, | ) | |
| vs. | ) | 3:11-cv-139-RLY-WGH |
| RAINBOW PLAY SYSTEMS, INC., Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT**

Defendant, Rainbow Play Systems, Inc. ("Rainbow"), moves to set aside the Clerk's Entry of Default entered on January 9, 2012, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is **GRANTED**.

## I. Background

Plaintiff, Indian Industries, Inc. d/b/a Escalade Sports ("Escalade"), sells a number of recreational products, including Woodplay® playsets, and is the assignee of United States Patent No. 8,002,642 (the "'642 Patent") entitled Playset System Components. The '642 patent protects features of the Woodplay® line of playsets, including sections featuring a curved wall. Escalade alleges that Rainbow's "curved rail panel," an add-on feature of its playsets, infringes the '642 Patent.

On August 22, 2011, Escalade's attorney, Mr. Meyer, sent a letter to Rainbow's Chief Operating Officer, Gregory Foster ("Mr. Foster"), informing him of Escalade's

belief that Rainbow's playsets infringe the '642 Patent. (Complaint, Ex. B). Escalade requested, among other things, that Rainbow discontinue selling its curved rail panels. Rainbow responded to Escalade's letter on September 15, 2011, stating that "[t]here appears to be prior art in the marketplace depicting the curved rail panel," and requesting time, to October 14, 2011, to research the issue. (Complaint, Ex. C). Having not received Rainbow's response, Escalade sent a follow-up letter on October 19, 2011, requesting Rainbow's response by October 26, 2011. Rainbow did not respond.

On November 3, 2011, Escalade filed the present Complaint against Rainbow alleging that Rainbow's curved rail panel feature infringes "at least" nine claims of the '642 Patent. (Complaint ¶ 15). On November 30, 2011, Escalade obtained service of the Complaint on Rainbow. (*See* Defendant's Ex. B). On December 1, 2011, Rainbow responded to Escalades' letter, and agreed to discontinue the sale and marketing of the curved rail panel by the end of the year. (Defendant's Ex. A). In response to that letter, Mr. Meyer sent Rainbow a letter dated December 12, 2011, acknowledging Rainbow's "willingness to resolve the matter" and providing Rainbow with a draft Settlement Agreement which would "formalize the terms of our proposed settlement and provide for the dismissal of the lawsuit." (Defendant's Ex. B). Mr. Foster reviewed the document, but did not think he needed to incur the expense of legal counsel to take any action in the litigation. (Affidavit of Gregory Foster ("Foster Aff.") ¶ 12). Moreover, since the settlement would provide for the dismissal of the litigation, he did not think Rainbow needed to take any formal action with respect to the lawsuit. (*Id.*).

On January 5, 2012, Mr. Meyer contacted Mr. Foster by letter, stating that Escalade never heard from Rainbow regarding the Settlement Agreement and that, in Escalade's opinion, Rainbow's new "cloud rail" panel (that apparently replaced the "curved rail panel") also infringed the '642 Patent. (Defendant's Ex. C). Escalade enclosed in the letter a copy of Escalade's Motion for Entry of Default, filed that day. (*Id*.). The Clerk granted Escalade's motion on January 9, 2012, and entered default against Rainbow. Rainbow promptly hired counsel and filed an Answer and Counterclaim four days later.

## II. Discussion

A party seeking to vacate an entry of default before judgment has been entered must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). This Circuit favors a trial on the merits over default judgment, and thus, this test is applied quite liberally. *Id*. at 631 (citing *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). The elements in dispute are (1) good cause and (3) a meritorious defense.

In the present case, Rainbow's CEO, Mr. Foster, testified that he did not believe he needed to respond to the Complaint because Escalade's attorney, Mr. Meyer, sent him a draft Settlement Agreement and represented that once the case was settled, the cause would be dismissed. Mr. Foster, who is not an attorney, spent time reviewing the Settlement Agreement to determine whether its provisions were acceptable. (Foster Aff.

¶ 12). His belief that the case against Rainbow would eventually be settled and the cause dismissed without the need of the assistance and expense of counsel is reflective of his inexperience in the legal process. Rainbow's failure to answer the complaint is not indicative of a willful failure to comply with court rules and procedures. Instead, it is indicative of an honest but mistaken belief that the case would settle. *Cracco*, 559 F.3d at 631 (finding good cause where it was shown that the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and compliant through inadvertence"). Accordingly, the court finds Rainbow has established good cause for the default.

A meritorious defense is a defense that "at least raises a serious question regarding the propriety of a default and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990)). As with the good cause standard, the threshold for showing a meritorious defense is low. For example, in *Cracco*, the plaintiff obtained a default judgment in his lawsuit against his former employer for retaliatory termination under the Family Medical Leave Act ("FMLA"). 559 F.3d at 629. The defendant claimed it had a meritorious defense to a claim because the plaintiff "was not terminated in retaliation for asserting rights" under the FMLA, but was terminated for cause. *Id*. at 631. Although the employer "did not provide any details about the facts supporting its decision to terminate," the Court held that the employer made a sufficient showing of a meritorious defense because "it notified the plaintiff and the district court of

the nature of [its] defense and provided the factual basis for that defense." *Id.*

As an initial matter, Rainbow claims that any infringement claim against it for the "curved rail panel" feature is moot, since it does not design, market, or manufacture the panel any more. To the extent the "curved rail panel" design of Rainbow's prior playsets infringed the '642 Patent, the issue of damages for any alleged past infringement remains for another day.

With respect to Rainbow's "cloud rail panel" design, Rainbow asserts that this new design does not infringe the '642 Patent because the design contains three consecutive protruding bumps in its subpanel, as opposed to an arcuate and curved subpanel. (*See* Motion to Set Aside at 10-12; Foster Aff. ¶ 17). Furthermore, Rainbow asserts that the claims of the '642 Patent are invalid as obvious under 35 U.S.C. § 103, as anticipated under 35 U.S.C. § 102, and for lack of written description under 35 U.S.C. § 112. Rainbow also filed a Counterclaim for a declaratory judgment that Rainbow's cloud rail design does not infringe the '642 Patent and that the '642 Patent is invalid for the reasons set forth above. The court finds that Rainbow, like the employer is *Crocco*, sufficiently notified Escalade and the court of the nature of its defenses and a factual basis to support its defenses. The court therefore finds that Rainbow sufficiently established a meritorious defense. Defendant's motion to set aside is therefore **GRANTED**.

## III. Conclusion

The court finds that Defendant sufficiently established the requirements to set aside the Clerk's Entry of Default under Rule 55(c). Accordingly, Defendant's Motion to

Set Aside Entry of Default (Docket # 11) is **GRANTED**.

**SO ORDERED** this 23rd day of April 2012.

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

William A. McKenna
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
wmckenna@uspatent.com

Charles Johnson Meyer
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
cmeyer@uspatent.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com